**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| YOEL PEGUERO,<br><br>*Petitioner*,<br><br>v.<br><br>MARKWAYNE MULLIN,<br><br>*Respondents.* | Civil Action No. 26-cv-12061<br><br>**MEMORANDUM ORDER**<br><br>October 15, 2026 |

**THIS MATTER** comes before the Court upon the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition") filed by Petitioner Yoel Peguero ("Petitioner") (ECF No. 1), the Court's September 16, 2026 Order to Show Cause (ECF No. 4), Respondents' Response (ECF No. 7), and Petitioner's Reply (ECF No. 8). The Court has considered the parties' submissions; and for the reasons set forth below, the Petition (ECF No. 1) is GRANTED.

Petitioner challenges his continued detention by U.S. Immigration and Customs Enforcement ("ICE") and seeks immediate release. (ECF No. 1.) Respondents assert that Petitioner, a native and citizen of Dominican Republic, entered the United States without inspection, admission, or parole by an immigration officer on or about October 28, 2000. (ECF No. 7 at 1, Ex. A.) Respondents allege that on August 20, 2001, Petitioner failed to appear for his removal proceeding and the immigration judge ordered Petitioner removed *in absentia*. (*Id.* Ex. B.) Respondents acknowledge that Petitioner has filed a motion to reopen removal proceedings with the Immigration Court, and as a result, Petitioner's removal is automatically stayed under 8 C.F.R. § 1003.23(b)(4)(ii). (*Id.* at 1–2.) The issue before the Court is whether Petitioner's

continued detention is authorized by 8 U.S.C. § 1231, given the pending motion to reopen his removal proceedings and the resulting stay of removal.

Respondents contend that Petitioner's detention is lawful under 8 U.S.C. § 1231(a) because he is subject to a final order of removal. (ECF No. 7.) According to Respondents, Petitioner's removal period commenced when ICE arrested him on September 12, 2026, and therefore he had been detained for only twelve days when Respondents filed their response. (*Id.* at 3, Ex. D.) Respondents rely principally on the mandatory-detention provision applicable during the 90-day removal period. *See* 8 U.S.C. § 1231(a)(2).

Petitioner argues that his pending motion to reopen before the Buffalo Immigration Court automatically stays his removal under 8 C.F.R. § 1003.23(b)(4)(ii), and that his continued detention under 8 U.S.C. § 1231(a)(6) is unlawful because Respondents cannot presently effectuate his removal. (ECF No. 8.)

Respondents' reliance on § 1231(a)(2) requires the Court to distinguish between the commencement of the statutory removal period and the authority for detention after that period. Section 1231(a)(1)(B) provides that the removal period begins on the latest of the dates specified therein, including the date the removal order becomes administratively final. 8 U.S.C. § 1231(a)(1)(B). Respondents identify August 20, 2001, as the date on which the Immigration Judge entered Petitioner's *in absentia* removal order. (ECF No. 7 at 1–2, Ex. B.) Under 8 U.S.C. § 1231(a)(1)(B), the removal period begins on the latest of the dates specified by statute, including the date the removal order becomes administratively final. Assuming the order became administratively final in 2001, the 90-day removal period expired that year, absent a statutory basis for postponing or extending it. Respondents identify no provision of § 1231(a)(1)(B) that would make Petitioner's September 12, 2026 arrest restart that period, nor do they assert that the removal

period was extended under § 1231(a)(1)(C).

Respondents, however, acknowledge that Petitioner has filed a motion to reopen his removal proceedings before the Buffalo Immigration Court. (ECF No. 7 at 2.) Under 8 C.F.R. § 1003.23(b)(4)(ii), the filing of a qualifying motion to reopen automatically stays removal pending the Immigration Judge's disposition of the motion. That stay prevents execution of the removal order while it remains in effect, but does not, without further analysis, establish that the order is no longer administratively final or that the statutory removal period has recommenced. The Court therefore considers the effect of the pending motion to reopen in assessing whether Respondents have demonstrated lawful authority for Petitioner's present detention.

Section 1231(a)(6) permits detention beyond the removal period in specified circumstances, subject to the limitation recognized in *Zadvydas v. Davis*, 533 U.S. 678, 689, 699 (2001). Under *Zadvydas*, detention may continue only for the period reasonably necessary to accomplish removal. The Supreme Court identified six months as a presumptively reasonable period of post-removal-order detention and explained that, after that period, a noncitizen who provides good reason to believe that removal is not significantly likely in the reasonably foreseeable future may require the Government to rebut that showing. *Id.* at 701.

Petitioner had been detained for approximately twelve days when Respondents filed their response. (ECF No. 7 at 3.) The Court therefore does not rely solely on the duration of Petitioner's detention or Respondents' failure to identify a specific removal date. Rather, the Court considers whether the statutory basis asserted by Respondents authorizes Petitioner's present detention in light of the pending motion to reopen and the resulting stay of removal. Respondents rely on § 1231(a), but have not established that Petitioner's September 12, 2026 arrest commenced a new removal period under § 1231(a)(1)(B). (*See* ECF No. 7.) Nor have they adequately explained the

statutory basis for continued detention while execution of the removal order is stayed. (*See id.*)

The Government must have statutory authority to continue Petitioner's detention, and § 1231(a)(6), as construed by *Zadvydas*, does not authorize detention where removal is not reasonably foreseeable. 533 U.S. at 699. On the present record, Respondents have not supplied a sufficient factual basis for concluding that Petitioner's removal is reasonably foreseeable.

Thus, the Court concludes that continued detention under § 1231(a) is not presently authorized, and Petitioner is therefore entitled to habeas relief. Accordingly,

**IT IS** on this 15th day of October 2026,

**ORDERED** that the Petition for a Writ of Habeas Corpus, (ECF No. 1), is **GRANTED**; and it is further

**ORDERED** that Respondents shall **RELEASE Petitioner forthwith** from immigration custody within twenty-four (24) hours of the filing of this Order; and it is further

**ORDERED** that the Clerk of Court shall **CLOSE** this matter.

**Hon. Karen M. Williams**
**United States District Judge**